## UNITED STATES DISTRICT COURT

## DISTRICT OF MAINE

| | |
|---|---|
| **RICHARD E. KAPLAN,** ) | |
| ) | |
| **PLAINTIFF** ) | |
| ) | |
| v. ) | **CIVIL NO. 05-144-B-H** |
| ) | |
| **FIRST HARTFORD** ) | |
| **CORPORATION** AND ) | |
| **NEIL ELLIS,** ) | |
| ) | |
| **DEFENDANTS** ) | |

## PROCEDURAL ORDER

From the parties' filings, it appears that there is conceptual agreement on the general form of relief to be ordered (buy-out of the plaintiff Kaplan if the defendant First Hartford Corporation ("FHC") is financially capable) and that discovery and a further evidentiary hearing will be required.

FHC's lawyer has requested a conference of counsel, stating that "there is disagreement as to the scope of that hearing and the issues to be addressed," and that there is a need for a schedule for this phase of the case. FHC proposed at least a partial schedule in its memorandum filed June 1, 2007. First Hartford Corp.'s Position on Remedies (Docket Item 93).

I agree that a conference of counsel would be useful. First, however, I **DIRECT** that the lawyers meet and confer to determine what matters they can

agree upon, including schedule; issues to be addressed; and scope of the evidentiary hearing. They shall then file with the court a document that sets forth the matters upon which they agree. For matters where they disagree they can set forth their positions separately, with explanation.

The Clerk's Office shall schedule a conference of counsel accordingly. The written filings shall be made one week before the conference.

**SO ORDERED.**

**DATED THIS 14TH DAY OF JUNE, 2007**

/s/D. Brock Hornby
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**