UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| **RICHARD E. KAPLAN,** )<br>  )<br>   **PLAINTIFF** )<br>  )<br> v.  )<br>  )<br> **FIRST HARTFORD** )<br> **CORPORATION and** )<br> **NEIL ELLIS,** )<br>  )<br>   **DEFENDANTS** ) | CIVIL NO. 05-144-B-H |

**FINAL JUDGMENT**

I hereby ORDER, ADJUDGE, and DECREE as follows:

1. First Harford Corporation ("FHC") shall purchase the 591,254 shares of FHC over which the Plaintiff Richard E. Kaplan ("Kaplan") has sole or shared dispositive power (the "Kaplan Stock") for a total purchase price of $2,879,406.98 plus interest on that amount at the rate of 5.71% from September 15, 2005 through date of entry of this final judgment, less the sum of $59,125.40, representing the amount of a dividend paid on the 591,254 shares in 2006 during the pendency of this action, on the terms set forth below.

2. Within 14 days of entry of this judgment, the parties shall conduct a closing of the purchase and sale of the Kaplan Stock at the offices of the Special Master. At that closing, Kaplan shall deliver to FHC certificates evidencing the Kaplan Stock and FHC shall pay the sum of $500,000 to Kaplan (and the Seymour Kaplan Memorial Foundation) as a part payment of the purchase price, and the parties shall execute and deliver (and cause their affiliated entities who are specified as parties thereto to execute and deliver) the following documents setting forth the terms of and effectuating the ordered purchase of FHC shares:

a. Redemption Agreement in the form attached as Exhibit A;

b. Promissory Note in the form attached as Exhibit B;

c. Pledge and Security Agreement in the form attached as Exhibit C;

d. Stock Power in the form attached as Exhibit D;

e. Neil Ellis Guaranty in the form attached as Exhibit E;

f. Limited Recourse Guaranties by First Hartford Realty Corporation, Brewery Parkade, Inc., Plainfield Parkade, Inc., Putnam Parkade, Inc. and 1150 Union Street Corp. in the form attached as Exhibit F;

g. LLC Membership Control Agreements with CP Associates, LLC and Trolley Barn Associates, LLC in the form attached as Exhibit G;

h. Certificate in the form attached as Exhibit H, providing the information specified therein;

i. A Deposit Control Agreement with respect to the "escrow account" referred to in Section 2.1(d) of said Pledge and Security Agreement perfecting Richard Kaplan's security interest in that bank account, such agreement to be in customary form satisfactory to the depository Bank but to specifically provide that the funds in such "escrow account" held by the depository Bank, can be disbursed only to Richard E. Kaplan or his designee, and that the Bank holding the account can claim no offset against the account;

j. The other ancillary closing documents referenced in the Closing Checklist attached as Exhibit I;

and within seven (7) business days thereafter FHC shall deliver to Kaplan the Pledged Shares referred to in Section 2.1(a) of the Pledge and Security Agreement, and any failure to do so will

constitute a default under the Pledge Agreement, which if not cured within 30 days will constitute an Event of Default thereunder.

3. Until the remedy ordered by the Court has been completed by the payment in full of the Promissory Note and the release by Kaplan of his security interests, the Court shall retain continuing jurisdiction over the parties with respect to any disputes that may arise in their performance of their respective obligations under the various agreements entered into pursuant to this Final Judgment.

**SO ORDERED.**

**DATED THIS 15TH DAY OF NOVEMBER, 2010**

/S/ **D. BROCK HORNBY**
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**