# UNITED STATES DISTRICT COURT

# DISTRICT OF MAINE

| | | |
|---|---|---|
| RICHARD E. KAPLAN, | ) | |
| | ) | |
| **PLAINTIFF** | ) | |
| | ) | |
| v. | ) | CIVIL NO. 05-144-B-H |
| | ) | |
| FIRST HARTFORD CORPORATION AND NEIL ELLIS, | ) ) ) | |
| | ) | |
| **DEFENDANTS** | ) | |

## ORDER ON PLAINTIFF'S RENEWED REQUEST FOR SANCTIONS AGAINST DEFENDANTS OF REASONABLE ATTORNEY'S FEES

The plaintiff Richard E. Kaplan's Renewed Request for Sanction Against Defendants of Reasonable Attorney's Fees is **GRANTED IN PART AND DENIED IN PART** as follows.

The American Rule generally assigns responsibility for attorney fees to the party incurring them. Alyeska Pipeline Service Co. v. Wilderness Society, 421 U.S. 240, 257 (1974); Vance v. Speakman, 409 A.2d 1307, 1311 (Me. 1979). The basis for Kaplan's fee request here is the exception for cases of vexatious or oppressive litigating conduct. Alyeska Pipeline Service Co., 421 U.S. at 258-59; Christiansburg Garment Co. v. Equal Employment Opportunity Commission, 434 U.S. 412, 421 (1978); Sprague v. Heckler, 619 F. Supp. 1289, 1295 (D. Me. 1985) (noting "bad faith," "common fund" and "common

benefit" doctrine as exceptions to the American rule).[1] Kaplan says that the defendants behaved vexatiously and oppressively in arguing to the Special Master after my Decision and Order on the Report of the Special Master dated November 23, 2009 (Docket Item 232), that only Kaplan's individual stock was included in the court-ordered buyout, rather than all shares where Kaplan had or shared dispositive power. Pl. Richard E. Kaplan's Renewed Request for Sanction Against Defs.' of Reasonable Att'y's Fees at 4 (Docket Item 284). Kaplan made the initial request for sanctions at oral argument May 4, 2010, on his motion to modify the third report and interim order of the special master and on the defendant First Hartford's request for reconsideration. When I ruled on those motions on June 1, 2010, I reserved ruling on the request for sanctions. I also expressed interest in what the Special Master would do concerning recommended allocation of his own fees.[2] Now all is complete in the case, including affirmance by the First Circuit. Kaplan v. First Hartford Corp., 425 Fed. Appx. 4 (1st Cir. 2011). Hence the renewal of the motion. See Local Rule 54.2.

The June 2010 Order makes clear that the defendants' arguments to the Special Master on this subject were vexatious and oppressive in light of my previous rulings and the manner in which the parties had presented the case to me up to that point. (That June 1, 2010 Order and this Order are my findings of fact and conclusions of law. See Fed. R. Civ. P. 54 (d)(2)(C).) Some

---

[1] The parties agree that Maine and federal law are the same on the application of this exception to the American rule.

[2] The Special Master recommended that the defendants pay all his fees on this issue. Fifth Report of Special Master at 2-3 (Docket Item 272).

2

sanction, therefore, is appropriate. However, the defendants could legitimately have moved for reconsideration of my previous rulings, and that alone would not have been vexatious or oppressive. Thus, I decline to award Kaplan all the attorney fees he incurred. Moreover, Kaplan knew by December 2009 what position the defendants were taking, <u>see</u> Second Report of Special Master (Docket Item 233), but agreed in a joint motion, Joint Mot. to Adopt With Qualifications the Second Report and Order of the Special Master (Docket Item 234), to delay consideration until the Third Report. It was only in March 2010 that Kaplan brought the issue to the court's attention by his motion to modify the Special Master's Third Report. An earlier request for my involvement could have reduced the fees. Finally, I have only the ipse dixit of the amount of fees (three law firms) by affidavit of Kaplan's Portland lawyer, with no documentation, and no explanation why three sets of lawyers were required on this issue.

Thus, I am not in a position to assess attorney fees. I am hesitant even to make this ruling, given the history of this case and the parties' (not the lawyers') inability to agree on anything. The last thing this case needs is further litigation and further legal fees. But the defendants' strategy following my November 2009 ruling was vexatious and oppressive, and Kaplan is entitled to that ruling. <u>See</u> Local Rule 54(d)(2)(C) (providing for deciding issues of liability before receiving submissions on the value of services). He is not entitled to the entire amount of fees that he seeks.

The lawyers shall meet and confer in an attempt to resolve the amount of fees by agreement by March 2, 2012. If they are unable to agree, Fed. R. Civ. P. 54(d)(2)(D) seems to allow me to refer the fee assessment to the Special Master whom I previously appointed to determine what fees are reasonable as caused by the oppressive and vexatious behavior. Any objection to such a referral and the grounds therefor shall be presented to the court by March 5, 2012.

**SO ORDERED.**

**DATED THIS 9TH DAY OF FEBRUARY, 2012**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**