# UNITED STATES DISTRICT COURT
# District of Maine

| | |
|---|---|
| RICHARD E. KAPLAN, )<br>)<br>Plaintiff, )<br>) No. 1:05-cv-144-DBH<br>v. )<br>)<br>FIRST HARTFORD CORPORATION )<br>AND NEIL ELLIS, )<br>)<br>Defendants. ) | |

## ORDER ON BILL OF COSTS

Prevailing parties are entitled to move for an award of costs pursuant to Federal Rule of Civil Procedure 54(d)(1), which provides in pertinent part: "[u}nless a federal statute, these rules, or a court order provides otherwise, costs . . .should be allowed to the prevailing party." As determined by the Court and affirmed on appeal, Plaintiff is the prevailing party in this case. Those expenses that may be taxed are specified in 28 U.S.C. § 1920, but the costs must be "necessarily incurred in the case," pursuant to 28 U.S.C. § 1924. Plaintiff seeks costs in the total amount of $6,083.47 for fees of the Clerk, transcript fees, and printing costs. Having made an independent review of Plaintiff's Bill of Costs and there being no objection to the bill by the Defendants[1], the Clerk of Court hereby taxes costs against Defendants in the total amount of five thousand, nine hundred and one dollars and seventy-seven cents ($5,901.77).

---

[1] *See* Defendants' Opposition to Plaintiff Richard E. Kaplan's Renewed Request for Sanctions Against Defendants of Reasonable Attorney's Fees, (Docket No. 293) at Footnote 1.

Transcript Delivery Costs

Transcript fees are taxable to the extent that they were "necessarily obtained for use in the case." 28 U.S.C. § 1920(2). In this case, the deposition transcripts claimed were necessarily obtained in that they were used during the litigation of this case. However, postage, emailing, shipping and handling costs for the delivery of depositions are considered ordinary business expenses that may not be charged as taxable costs in relation to obtaining transcripts. *Alexander v. CIT Technology Financing Services, Inc.*, 222 F. Supp. 2d 1087 (N.D. Ill. 2002). See also *Maurice Mitchell Innovations, L.P. v. Intel Corp.*, 491 F.Supp.2d 684 (E.D. Tex. 2007) and *Treaster v. HealthSouth Corp.*, 505 F.Supp.2d 898 (D. Kan., 2007). Thus, Plaintiff's costs for the deposition transcripts will be reduced by a total of **$174.20**, the amount of the handling and delivery charges associated with the depositions of Patricia McGowen ($45 for FedEx), Stuart Greenwald ($8.50 for delivery and $123.50 for "admin fee" and DHL delivery), Timothy J. Riddiough ($10 for deliver), and Nancy Fannon ($7.20 for mailing).

Fees for Copies Trial Exhibits

Plaintiff seeks reimbursement for costs of printing trial exhibits in the amount of $2,232.24. The prevailing party is entitled to recover statutorily authorized costs for photocopying under 28 U.S.C. § 1920(4), as long as the costs were "necessarily obtained for use in the case" and were "reasonably necessary to the maintenance of the action" or furnished to the Court and opposing counsel. *Rodriguez-Garcia v. Davila*, 904 F.2d 90, 100 (1st Cir. 1990) and *Simmons v. O'Malley*, 235 F. Supp. 2d 442 (D. Md., 2002). In this case, the Plaintiff seeks

reimbursement of this expense because they were exhibits used at trial and furnished to opposing counsel.  The Clerk will tax costs in favor of the Plaintiff; however, the delivery cost of seven dollars and fifty cents (**$7.50**) is considered an ordinary business expense incurred in for the convenience of counsel and not a taxable cost.  See *Osorio v. One World Technologies, Inc.* 2011 WL 5835778 (D. Mass. 2011) and *U.S. v. Davis*, 87 F. Supp. 2d 82, 89 (D. R.I. 2000) (concluding that expenses for postage and shipping are not recoverable under 28 U.S.C. § 1920).

## ORDER

The Clerk of Court hereby taxes against Defendants all claimed costs but for the transcript and printing delivery/administrative costs in the total amount of five thousand, nine hundred and one dollars and seventy-seven cents ($5,901.77).

IT IS SO ORDERED.

/s/ Christa K. Berry
Clerk, U.S. District Court

Dated this 10th day of February 2012